IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To:<br><br>Case No. 12-cv-02648<br><br>P.C. RICHARD & SON LONG ISLAND CORPORATION; MARTA COOPERATIVE OF AMERICA, INC.; AND ABC APPLIANCE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., et al.,<br><br>Defendants. | ORDER DENYING TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S MOTION TO COMPEL |

Now before the Court is Defendant Toshiba America Information Systems, Inc.'s ("Toshiba") motion to compel P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc. (collectively, "Plaintiffs")[1] to produce settlement agreements in response to Request Number 3 of Toshiba and Philips Electronics North America Corporation's ("Philips") First Set of Requests for Production of Documents. ECF No. 2602

---

[1] Recognizing the prospective impact of the Court's ruling, the 13 remaining Direct Action Plaintiffs ("DAPs") join in opposing the motion. ECF No. 2566, at 1.

("Mot."). On May 8, 2014, anticipating that the parties would likely seek review of any decision by the Special Master, the Court withdrew reference on the motion. ECF No. 2566. The motion is fully briefed, ECF Nos. 2602, 2627 ("Opp'n"), and 2654 ("Reply"), and appropriate for resolution without oral argument under Civil Local Rule 7-1(b). The motion is DENIED as explained below.

In its motion, Toshiba seeks to compel Plaintiffs to produce "[a]ll settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT" in response to Request Number 3 of their First Set of Requests for Production of Documents. Mot. at 3. In response to the request, Plaintiffs declined to produce any documents and instead objected to the request arguing, among other things, that (1) the materials sought are protected by Federal Rule of Evidence 408 and (2) are irrelevant, and thus outside the scope of discovery. ECF No. 2602-1 ("Foster Decl.") Ex. 2, at 6-7. In the briefing, Plaintiffs note that they "have not entered into any settlement agreements at this time and thus have no settlement agreements to produce." Opp'n at 1.

While Toshiba's motion raises a question that the Court will likely have to confront in the future, it is canonical that federal courts do not issue advisory opinions. See generally Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998). Furthermore, even though the parties have not raised the issue, the Court has a duty to examine its own jurisdiction sua sponte. B.C. v. Plumas United Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). Here, as in other cases seeking to compel settlement agreements that have not yet been entered into, the motion to compel is not yet ripe.

See, e.g., Manildra Milling Corp. v. Ogilvie Mills, Inc., Civ. A. No. 86-2457-S, 1991 WL 30772, at *2 (D. Kan. Feb. 19, 1991) ("The court finds that at this time [the] motion to compel is not ripe because there is no agreement which this court can compel the parties to produce."); see also Linares v. Costco Wholesale, Inc., No. 11-CV-02547-MMA-BGS, 2013 WL 5434570, at *6 (S.D. Cal. Mar. 7, 2013) (denying a motion to compel discovery with a purely prospective effect). As a result, the Court lacks jurisdiction under Article III to render a decision on the motion at this time. See generally Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) ("Two components of the Article III case or controversy requirement are standing and ripeness.").

    As a result the motion must be DENIED. Should Plaintiffs enter into a settlement, Toshiba may refile their motion.

    IT IS SO ORDERED.

Dated: July 28, 2014

UNITED STATES DISTRICT JUDGE